THOMAS R. SIMPERS v. ELWOOD H. WILSON, Warden, New
    Castle County Workhouse.

(*July* 17, 1950.)

WOLCOTT, J., sitting.

*Stephen E. Hamilton, Jr.,* for the Petitioner.

*Joseph H. Flanzer,* Deputy Attorney-General, for the Respondent.

Superior Court for New Castle County, Civil Action, 1950.

WOLCOTT, J.

The arrest of fugitives from other states has been before the Court of General Sessions only once—in 1847 in the case of *State ex rel. Adams* v. *Buzine, 4 Harr.* 572. After considering at length the right of one state to hold a fugitive from another pending extradition, Chief Justice Booth concluded that, in the absence of a permitting statute, any Magistrate of this state, upon probable cause supported by affidavit, had the power to issue a warrant to arrest a fugitive suspected of having committed a crime in another state, in advance of a demand from that state for extradition of the fugitive. After such arrest, the Magistrate was then required to hold a hearing. If proof of the party having committed the offense was offered which would have been sufficient to put him on trial, it thereupon became the duty of the Magistrate to commit him to prison for such reasonable time as would allow notice to be given the executive of the demanding state so that demand for extradition could be made in accordance with the law.

It is to be noted that the rule of *State ex rel. Adams* v. *Buzine* required a hearing by the Magistrate after the arrest of the fugitive, and authorized a commitment only when a *prima facie* case by competent evidence had been made out against the fugitive.

The rule of *State ex rel. Adams* v. *Buzine* continued to be the rule applied by the courts of this state until the passage of an act in relation to requisition of fugitives from justice on March 9, 1883, 17 Del. Laws, c. 223. Sections 4 and 5 of this act are presently found in our law as Sections 5337 and 5338, R. C. 1935. These two sections of the 1935 Code adopt the rule of *State ex rel. Adams* v. *Buzine* for the arrest of fugitives from other states with one exception. Section 5338 provides that when a fu-

gitive is so arrested, he shall be brought before the officer who issued the warrant, who shall thereupon hear and examine the charge and, "upon proof by him adjudged to be sufficient," shall commit the fugitive to jail.

██ The effect of Section 5338 is to dispense with the requirement of proof of a *prima facie* case against the fugitive. It is obvious that the practical necessities of detention of fugitives from other states preclude proof before the committing Magistrate of a *prima facie* case since that would entail the bringing of witnesses from long distances. The intent of this section, therefore, seems clearly to be that upon showing of reasonable probability of the fugitive having committed an offense within another state, he shall be committed in order to afford that state opportunity to institute proceedings for his extradition. In the case at bar, the probability of the petitioner having committed the offense consisted of a valid warrant for his arrest issued by the State of Virginia. This circumstance was sufficient showing of probability that the petitioner was in fact a fugitive from the State of Virginia, provided identity was satisfactorily established.

It was entirely proper, therefore, for the Magistrate to have committed the petitioner on June 8, 1950 but the terms of that commitment were entirely improper. Section 5338 is silent as to the terms upon which such commitments may be made, but it seems reasonable to conclude that the Legislature intended to adopt by inference in that section the provisions of the rule laid down by Chief Justice Booth in *State ex rel. Adams* v. *Buzine, supra,* to the effect that such commitment may be only for a reasonable time to allow notice to be given the executive authority of the state where the offense was committed.

██ The proper rule to be followed under Sections 5337 and 5338, R. C. 1935, therefore, is that a fugitive from another state may be arrested in advance of demand for him by the ex-

ecutive of that state upon the warrant of a Justice of the Peace of this state, issued upon affidavit. After an arrest has been made pursuant to that warrant, it becomes the duty of the Justice of the Peace to satisfy himself that there is probability of his having committed the offense charged within the other state, and if satisfied of that probability, to commit the fugitive for such reasonable time as will permit the authorities of the State of Delaware to notify the authorities of the state where the offense was committed so that extradition proceedings may be instituted if desired. The time of commitment should be further sufficient to allow extradition proceedings to be consummated. The commitment may not be for an indefinite term and may be only that the fugitive be held pending the completion of extradition proceedings. Furthermore, the fugitive should be admitted to bail if the offense for which he is arrested is a bailable offense.

It is to be noted that, in satisfying himself of the probability of the commission of the offense by the fugitive in the other state, there is no requirement of establishment of a *prima facie* case by competent proof.